UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

UNITED STATES OF AMERICA,

                                                      Case # 22-CR-6050-FPG

v.

                                                      DECISION AND ORDER

LYTRICE JACKSON,

                             Defendant.
─────────────────────────────────

      Acting *pro se*, Defendant Lytrice Jackson moved for compassionate release on December 20, 2024. ECF No. 121. In addition, Defendant filed a letter requesting that she be moved to a prison closer to home. ECF No. 123 at 1. For the reasons stated below, Defendant's motions are DENIED.

      The Court first addresses Defendant's motion for compassionate release. "A district court may grant a 'compassionate release' motion and lower a federal prisoner's sentence if (1) the defendant has exhausted available administrative remedies, (2) extraordinary and compelling reasons warrant a reduction, and (3) the § 3553(a) sentencing factors favor a reduction." *United States v. Robinson*, No. 23-6150, 2024 WL 4262955, at *1 (2d Cir. Sept. 23, 2024) (summary order) (citing 18 U.S.C. § 3582(c)(1)(A)). The first requirement—exhaustion—requires that the defendant "first seek administrative relief, and then may only proceed to court after fully exhausting administrative appeals or the lapse of 30 days from the warden's receipt of the request, whichever is earlier." *United States v. Fryar*, No. 21-CR-703, 2024 WL 5199933, at *2 (S.D.N.Y. Dec. 23, 2024).

      In this case, the government argues that Defendant failed to exhaust her administrative remedies. *See* ECF No. 124 at 7. Defendant concedes that she did not request compassionate

1

release from the warden of her facility, stating that she "didn't know that [she] can do that." ECF No. 121 at 3. The Court hereby notifies Defendant that she may request compassionate release from the warden of her facility[1]—and indeed, as discussed above, Defendant *must* make such a request before she can submit a motion for compassionate release to this Court.

Accordingly, Defendant's motion for compassionate release is DENIED WITHOUT PREJUDICE. Defendant is free to renew her motion after she exhausts her administrative remedies. That said, the Court did receive Defendant's recent letter, in which she describes all of the programs she has completed and the work she has done while incarcerated to become a "new person." ECF No. 126 at 1. The Court applauds Defendant for her rehabilitative efforts.

Defendant's second request is that the Court order the Bureau of Prisons to move her closer to home so that her family and children will be able to visit her. ECF No. 123. While the Court is sympathetic to Defendant's request, there is no "legally cognizable basis for the Court to dictate" that Defendant be transferred closer to her family. *Hill v. Payne*, No. 18-CV-6022, 2021 WL 5194687, at *2 (W.D.N.Y. Nov. 9, 2021). Prison inmates "have no right to choose where they are housed," *id.*, and "transfers and prison assignments are functions wholly within the discretion" of

---

[1] The relevant regulation from the Bureau of Prisons states:

> (a) A request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) shall be submitted to the Warden. Ordinarily, the request shall be in writing, and submitted by the inmate. An inmate may initiate a request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. The inmate's request shall at a minimum contain the following information:
>
> > (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
> >
> > (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a)(1)-(2).

the Bureau of Prisons, *Caderno v. Thoms*, 50 F. App'x 200, 201 (6th Cir. 2002) (summary order); *see also* 18 U.S.C. § 3621(b) (providing that "a designation of a place of imprisonment . . . is not reviewable by any court"). Therefore, Defendant's request must be DENIED.

    IT IS SO ORDERED.

Dated: February 11, 2025  
       Rochester, New York

_____  
HON. FRANK P. GERACI, JR.  
United States District Judge  
Western District of New York

3